CITY OF COLUMBUS, Appellee,

v.

BEUTHIN, Appellant.

[Cite as *Columbus v. Beuthin* (1996), 108 Ohio App.3d 651.]

Court of Appeals of Ohio,
Tenth District.

No. 95APC07–841.

Decided Jan. 23, 1996.

652

*Ronald J. O'Brien,* City Attorney; *David M. Buchman,* City Prosecutor, and *Rebecca A. Gooch,* Assistant City Prosecutor, for appellee.

*Raymond F. Grove,* for appellant.

---

ARCHER E. REILLY, Judge.

Defendant-appellant, Arnold R. Beuthin, appeals from a judgment of the Franklin County Municipal Court which revoked his probation and imposed his previously suspended sentence. Enforcement of this order has been stayed pending the outcome of the present appeal.

Appellant presents the following assignment of error:

"The trial court committed prejudicial error when it revoked defendant's probation when no evidence was adduced against defendant and the trial court stated no reasons for revoking [probation] in the judgment entry."

On April 18, 1995, in the Franklin County Municipal Court, appellant was found guilty of operating a motor vehicle while under the influence of alcohol in violation of Columbus City Code 2133.01. Appellant was sentenced to one hundred eighty days in the Franklin County Correctional Center ("FCCC"); he received one day's credit for time served, one hundred sixty-nine days of the sentence were suspended on condition of two years' probation, and the ten-day balance was to be served through a work release program. Specific conditions and rules of probation were also set forth. The court fined appellant $400 and suspended his driving privileges for one year.

The proceedings which led to the revocation of appellant's probation were initiated when appellant reported intoxicated to the first day of his work release program. Appellant's probation officer, Ronda Tubbs, submitted a statement of

violations to the municipal court in which she opined that appellant had violated the following probation rules:

"1. You shall not violate any law (Federal, State and Local) and not be engaged in an offensive course of conduct.

"* * *

"5. You shall abide by all conditions and orders imposed upon you by this court or your probation officer.

"(A) Not to operate motor vehicle without valid license or required insurance."

The probation officer informed the court that a case manager at the Jackson Pike Work Release Program had notified her that appellant had reported to his first day at the program in an intoxicated state, had tested .14 per cent on the Alco–Sensor, and had driven a vehicle to the facility. The probation officer further noted that appellant's work release had been revoked and that he was transferred to FCCC. For the above reasons, the probation officer stated that the matter was brought before the court and recommended that if the court found appellant guilty of violating the conditions of probation, his probation be terminated and the suspended sentence imposed.

A revocation of probation hearing was held. Appellant attended the hearing and was represented by an attorney. Appellant stipulated to the violations. Appellant admitted to drinking the evening and night prior to reporting to the work release program, but denied drinking that day. The trial judge rejected appellant's request to let him remain on probation, revoked his probation, and imposed the balance of the previously suspended sentence of one hundred sixty-four days. The only reason the court provided for revoking appellant's probation was that he reported to the work release program intoxicated.

On appeal, appellant argues that the court had not ordered him to refrain from drinking intoxicating beverages as a condition of his probation. Appellant notes that the trial judge referred to no evidence at the hearing or in the judgment entry which supports a finding that he violated rules one or five of his probation. Appellant concludes that under these facts, revocation of his probation violated his procedural and substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, Ohio Constitution.

Crim.R. 32.3 addresses probation revocation. Subsection (A) pertains to the revocation hearing and provides:

"The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. * * *"

In *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, the United States Supreme Court addressed what due process guarantees apply to the revocation of probation where sentence has previously been imposed. The court held that a probationer is entitled to a preliminary and final revocation hearing before his probation may be revoked. The purpose of the preliminary hearing is to determine whether there is probable cause to believe that a violation of probation has been committed. This determination is made by answering an entirely retrospective factual question: whether the conditions of probation have been violated. The final hearing is more comprehensive and its purpose is to determine whether probation should be revoked or continued.

In *Gagnon,* the court identified six minimum due process requirements that apply to the final revocation hearing:

" '(a) written notice of the claimed violations of [probation] * * *; (b) disclosure to the [probationer] * * * of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * *; (e) a "neutral and detached" hearing body * * *; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation] * * *.' " *Id.* at 786, 93 S.Ct. at 1761–1762, 36 L.Ed.2d at 664.

A judgment entry does not qualify as a written statement. *Columbus v. Bickel* (1991), 77 Ohio App.3d 26, 601 N.E.2d 61.

The Ohio Supreme Court has held that an oral statement by the court can satisfy *Gagnon* 's requirement of a written statement if it sufficiently informs the probationer of the reasons for revoking probation and provides an adequate record for review. *State v. Delaney* (1984), 11 Ohio St.3d 231, 11 OBR 545, 465 N.E.2d 72.

In the present case, the trial judge provided no written statement identifying the evidence relied upon and the reasons for revoking appellant's probation. Thus, we must consider any oral statements that the court made. At the hearing the court addressed appellant:

"Well, again, it's my understanding that you reported in some state of intoxication. And the Court is definitely concerned with you violating my order. And at this point I'm prepared to have you serve the 170 days, in the hope that

when you have done so, you will then pursue some counseling to try to address this problem."

The court proceeded to revoke appellant's probation and impose a term of one hundred sixty-four days. At no point in the transcript did the judge discuss whether appellant had violated any law, engaged in offensive conduct, or driven without a valid license or required insurance.

Because appellant's rules of probation did not prohibit him from being intoxicated, the mere fact that he reported to the work release program under the influence is an insufficient basis for revoking his probation. Due process requirements mandate that the trial court identify the probationary rule which appellant violated and the supporting evidence. The court failed to do so. Therefore, the trial court's oral statement to appellant at the hearing did not sufficiently inform appellant of the reasons for revoking his probation.

The trial court's failure to provide a sufficient written or oral statement explaining the reasons for revoking appellant's probation violated his right to due process.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and DESHLER, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.