Defendant-appellant, Jason Scott Armacost, appeals the decision of the Clermont County Court of Common Pleas revoking his probation and reimposing his sentence for aggravated trafficking in drugs. We affirm.
On November 15, 1994, appellant pled guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(5), and one count of receiving stolen property in violation of R.C. 2913.51. He was sentenced to serve an eighteen-month term of incarceration on the receiving stolen property charge and a three to fifteen-year term of incarceration, with three years actual incarceration for the drug offense. The sentences were to be served consecutively.
On January 17, 1997, appellant filed a motion for conditional probation. The trial court held a hearing on appellant's motion and on April 7, 1997, the trial court granted appellant's motion. The trial court imposed six conditions and seven general conditions upon appellant's probation.
On August 4, 1997, an affidavit of probation violation was filed against appellant. The affidavit alleged that appellant had violated Condition No. 2 of his probation, that he successfully complete the program at Talbert House, a halfway house facility. Appellant was discharged from the facility on August 1, 1997 for failing to abide by its rules and regulations. After a hearing, the trial court found that appellant had violated his probation, but continued probation, subject to the earlier imposed conditions.
On January 21, 1998, a second affidavit of probation violation was filed against appellant. This affidavit alleged two violations. First, it alleged that appellant had violated General Condition No. 5 by failing to report to an intensive supervision program since December 12, 1997. Second, it alleged that appellant had violated General Condition No. 7 by failing to counsel with his probation officer and follow that officer's instructions. On April 30, 1998 the trial court found that appellant had violated his probation. The trial court continued probation, but ordered appellant to serve sixty days in the Clermont County Jail.
On September 29, 1998, a third affidavit of probation violation was filed against appellant, alleging three violations. First, it was alleged that appellant had violated General Condition No. 1, failing to abide by the laws of the state of Ohio, based upon two recent driving under the influence arrests. Second, appellant was alleged to have violated General Condition No. 5 by failing to report to his probation officer. Third, appellant was alleged to have violated Condition No. 4, which mandated random drug and alcohol screens, because appellant had refused to submit to breath tests when arrested for driving under the influence.
On November 11, 1998, the trial court held an evidentiary hearing on the third affidavit. At this hearing, appellant admitted to the reporting violation. On his behalf, appellant presented papers demonstrating that he had been gainfully employed for a number of months at a construction job and had established a perfect working record. The state requested that appellant's probation be revoked and that the three to fifteen-year sentence for the trafficking conviction be reimposed. Relying upon the current probation violation and appellant's past violations, the trial court revoked appellant's probation and reimposed sentence. Appellant appeals, raising three assignments of error, which for purposes of brevity we will address together.
Assignment of Error No. 1:
 TRIAL COURT ABUSED ITS DISCRETION IN REVOKING PROBATION AND REIMPOSING DEFENDANT-APPELLANT'S SENTENCE TO THE OHIO STATE PENAL SYSTEM FOR A PERIOD OF NOT LESS THAN THREE (3) TO FIFTEEN (15) YEARS.
Assignment of Error No. 2:
 THE REVOCATION OF PROBATION AND REIMPOSITION OF SENTENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND DISPROPORTIONATE TO THE EVIDENCE PRESENTED AT THE PROBATION REVOCATION HEARING AND THE REVOCATION OF PROBATION AND REIMPOSITION OF THE SENTENCE THEREFORE CONSTITUTES AN ABUSE OF DISCRETION.
Assignment of Error No. 3:
 THE COURT VIOLATED DEFENDANT-APPELLANT'S RIGHTS TO DUE PROCESS OF LAW BY REVOKING HIS PROBATION AND REINSTATING HIS SENTENCED BASED UPON IT'S [sic] FINDING THAT DEFENDANT-APPELLANT COULDN'T MAKE HIS MEETINGS AND DID NOT WANT TO WORK OUT ISSUES THAT HE HAD AS FAR AS SUBSTANCE ABUSE.
Appellant contends that the trial court erred by revoking his probation and reimposing sentence. Appellant contends that the evidence presented did not support the trial court's decision, and that the trial court relied upon evidence not properly before the court.
R.C. 2951.09 provides in pertinent part:
 When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, any time within the probationary period.
The decision as to whether to revoke a defendant's probation is left to the discretion of the trial court. State v. McKnight
(1983), 10 Ohio App.3d 312, 313.
A probation revocation hearing is not a criminal proceeding, as its purpose is to determine whether probation should be revoked or continued. Columbus v. Beuthin (1996), 108 Ohio App.3d 651,654. Probation revocation hearings are informal and are structured to assure that the finding of a probation violation "will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the * * * [probationer's] behavior." State v. Hylton (1991), 75 Ohio App.3d 778,781, quoting Morrisey v. Brewer (1972), 408 U.S. 471, 484,92 S.Ct. 2593, 2602. As a result of this informality, the Rules of Evidence, with the exception of privilege, do not apply to probation revocation proceedings. Evid.R. 101(C)(3); State v.Ferguson (1991), 72 Ohio App.3d 714, 718.
Appellant claims that the trial court relied upon evidence not properly before the court in making its decision, while ignoring evidence presented by appellant. Specifically, appellant argues that the trial court based its decision upon a belief that appellant had a substance abuse problem. Appellant also asserts that the trial court disregarded evidence of appellant's successful employment.
We find that the trial court did not abuse its discretion in revoking appellant's probation and reimposing sentence. The basis for the revocation hearing was appellant's third probation violation in just over one year. The trial court had continued appellant's probation after appellant's first two violations. The trial court was not required to do so once again.
The record does not demonstrate that the trial court based its decision upon evidence not properly before it. Although the trial court did state that appellant was "functioning" on an everyday basis, the trial court felt that this was outweighed by appellant's multiple violations of the probation conditions. These violations demonstrated that appellant was unable to meet the obligations of his probation. Thus, the evidence supported the trial court's decision.
Appellant argues that the trial court's consideration of appellant's behavior other than the alleged reporting violation violated his right to due process. Appellant asserts that the state presented no evidence other than appellant's admission that he had failed to report to his probation officer. In fact, appellant's probation officer spoke about appellant's two earlier violations, which included appellant's discharge from Talbert House, and his later termination from aftercare programs for leaving the state without permission.
Nothing in the record demonstrates that the trial court disregarded appellant's success at his most recent job. The trial court remarked on appellant's ability to make good money at this job, and that appellant was able to function on an everyday basis. However, the record makes clear that the trial court felt that these facts did not outweigh appellant's inability to adhere to the conditions of his probation and keep the few required appointments.
We find that the trial court did not abuse its discretion in revoking appellant's probation and reimposing sentence. Accordingly, appellant's three assignments of error are overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.