This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-appellant Thomas E. Kerry ("Kerry") appeals the trial court's judgment entry revoking probation and reinstating his original sentence of incarceration. The issues before us are whether the trial court erred by: 1) revoking Kerry's probation, and; 2) failing to give Kerry credit for time served in a community corrections facility against his penitentiary sentence. For the following reasons we affirm in part and reverse in part the decision of the trial court, and remand the case for re-sentencing.
On October 13, 1999 Kerry pled guilty to Failure to Comply With the Order or Signal of a Police Officer, a violation of R.C. §2921.331(B), a fourth degree felony. Kerry was sentenced to community control sanctions for five years, consisting of both residential and non-residential sanctions, including a seventy-five day term in the Belmont County Jail, during which time Kerry would be evaluated for drug and alcohol counseling. After completing his sentence in the county jail, Kerry was sentenced to an additional six months in the Eastern Ohio Correctional Center, for a total of eight and one-half months of incarceration. Upon his release, Kerry would be subject to intensive supervised probation for the balance of his five years under community control. (October 29, 1999 Sentencing Entry). Included in the trial court's instructions regarding Kerry's sentence was the condition that a violation of community control could result in up to eighteen months in the penitentiary less any time served in the Belmont County Jail. After his jail time, Kerry entered Eastern Ohio Correction Center on November 24, 1999 and was released March 23, 2000. (Motion for Jail-Time Credit, May 15, 2000).
On March 31, 2000 Kerry was involved in an altercation with his girlfriend Veronica Pints, which resulted in an assault charge pursuant to R.C. § 2903.13(A). A hearing was conducted on April 24, 2000, with Kerry's probation officer Edward Gorence and arresting officer Tim Starkey of the Bellaire Police Department testifying about the altercation and that Kerry had imbibed in or otherwise possessed alcohol. Finding both the altercation and alcohol use to be violations of Kerry's community control sanctions, the trial court revoked his probation and imposed the aforementioned penitentiary sentence.
Kerry appeals the trial court's order revoking probation and imposing the prison sentence, raising two assignments of error. First, Kerry asserts the trial court erred by revoking his probation and that this finding is against the manifest weight of the evidence. Kerry also contends the trial court erred by denying him credit for time served at a community correctional facility. We find Kerry's first assignment to be meritless, but must reverse and remand the decision of the trial court on the second assignment of error for the limited purpose of computing and applying Kerry's credit for time he served in the community correctional facility.
The trial court found Kerry had violated the terms of his community control sanctions, specifically to neither possess nor imbibe in alcohol, as well as to maintain good behavior. Accordingly, the trial court reimposed the original eighteen month sentence of incarceration for eluding the police in violation of 2921.331(B), a fourth degree felony.
In his first assignment of error, Kerry asserts the trial court's finding that he violated community control sanctions was against the manifest weight of the evidence, contending the state must prove beyond a reasonable doubt a violation occurred. Kerry appears to characterize the evidence considered by the trial court to be circumstantial and hearsay, although he does not specifically argue this in his brief. The state counters that the trial court's decision was supported by competent, credible evidence and is not against the manifest weight of the evidence.
The standard of review where a trial court's decision is challenged as being against the manifest weight of the evidence is set forth in Statev. Thompkins (1997), 78 Ohio St.3d 380. An appellate court in essence sits as a "thirteenth juror" and determines whether, considering all the evidence admitted at trial, the state has met its burden of persuasion and the conclusion reached by the trier of fact is supported by the "* * * inclination of the greater amount of credible evidence * * *".Thompkins, supra at p. 387. A judgment of the trial court will be reversed as against the manifest weight of the evidence only where it appears the trier of fact clearly lost its way, in order to correct a "manifest miscarriage of justice". Thompkins, Id. Because reversals based upon the manifest weight are for exceptional circumstances, as the Supreme Court noted in Thompkins, Section 3(B)(3), Article IV of the Ohio Constitution mandates the unanimous concurrence of all three judges on the reviewing panel. Thus, Kerry will prevail upon appeal if this panel unanimously concludes the trial court, as the trier of fact, clearly lost its way and the finding that Kerry violated the terms of his community control is not supported by the greater amount of credible evidence.
In State v. Walker, this Court held the quantum of evidence necessary to support a trial court's revocation of probation is not "* * * `beyond a reasonable doubt' but merely evidence of a substantial nature showing that the probationer has breached a term or condition of probation."State v. Walker (July 26, 1995), Jefferson App. No. 93-J-48, unreported, *4, citing State v. Minagua (1974), 42 Ohio App.2d 35, 40. Where the state meets this burden, the court is given wide latitude to revoke probation. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38. In addition, a sentencing court need not wait for a criminal conviction in order to revoke probation on the basis that the probationer violated the terms of his probation by breaking the law. State v. Winter (April 27, 1999), Monroe App. 791, unreported, *4. Hence, a trial court's decision to revoke probation should not be reversed on appeal absent an abuse of discretion. Winter, supra. An "* * * [a]buse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconstitutional." Winter, supra, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In a trial setting, hearsay testimony is inadmissible unless it falls under one or more of the numerous exceptions to the hearsay rule. However, a probation revocation hearing is not a criminal proceeding. The purpose of such a hearing is to determine whether probation should be continued or revoked. State Of Ohio v. Armacost (July 6, 1999), Clermont App. No. CA98-12-120, unreported, *2, citing Columbus v. Beuthin (1996),108 Ohio App.3d 651. Probation revocation hearings are informal. "As a result of the informality, the Rules of Evidence, with the exception of privilege, do not apply * * *" State Of Ohio v. Armacost, supra, citingState v. Fergunson (1991), 72 Ohio App.3d 714, 718. Although the rules of evidence do not apply, the testimony elicited at Kerry's probation revocation hearing nonetheless was admissible under the stated hearsay exceptions.
In the case at bar, the state presented evidence of a substantial nature that Kerry violated the conditions of his probation. According to its terms, Kerry was not allowed to imbibe in or otherwise possess alcohol. In light of Officer Starkey's testimony, it is evident that Kerry violated a condition of his probation. The officer testified Kerry smelled like alcohol and admitted to drinking. As Kerry's statement is an admission by a party, it does not constitute hearsay evidence and is admissible pursuant to Evid.R. 801(D)(2). In addition, the state presented the hearsay testimony of Mrs. Pam Pitts where she suggested that Kerry was involved in a fight with Veronica Pitts, which is admissible as either a present sense impression, Evid.R. 803(1) or an excited utterance, Evid.R. 803(2) by Veronica, or a statement of Veronica's then-existing mental, emotional, or physical condition, Evid.R. 803(3).
According to the terms of Kerry's community control sanctions, he was precluded from possessing and/or imbibing in alcohol and was required to maintain good behavior. The record demonstrates the greater amount of credible evidence supports the finding that Kerry violated these conditions. Kerry's first assignment of error is therefore without merit.
In his second assignment of error, Kerry asserts the trial court erred by failing to give him credit for time served in the Eastern Ohio Correctional Center. As a preliminary matter, we note Kerry failed to raise this assignment of error in his appellate brief, but rather raised this issue by way of a supplemental brief filed without leave of court. Therefore, it is within our discretion whether to review Kerry's second assignment of error. In the spirit of placing emphasis on substance over procedure we will review Kerry's second assignment of error, particularly as the state has not opposed the supplemental filing.
The record indicates Kerry entered the East Ohio Correctional Center on November 24, 1999, and was released on March 23, 2000. This is a correctional facility where credit for time served is warranted as opposed to a rehabilitation facility where credit for time served need not be given. State Of Ohio v. Doughty (February 24, 1994), Harrison App. No. 462, unreported.R.C. 2929.15 gives trial courts broad discretion in determining the length of confinement if a defendant violates the terms of his community control sanctions. Thus, the applicable standard of review is abuse of discretion. Winter, supra. However, as stated in R.C. § 2929.14(A)(1), eighteen months is the maximum sentence for a fourth degree felony. The Third District has held that failure to give credit for time served would be problematic since it would create the potential for incarceration beyond the maximum provided for by statute. State v.Hines (1999), 131 Ohio App.3d 118, 122. It is axiomatic the legislature intended for a felon of the fourth degree to be subject to a maximum sentence of eighteen months. By failing to give Kerry credit for time served at East Ohio Correctional Center, the trial court, in essence, judicially amended the statutory maximum from eighteen months to a total of twenty-four months. This is an abuse of discretion, as the trial court cannot impose a sentence beyond that set by the legislature in the overall sentencing statutory scheme. Thus, Kerry's second assignment of error has merit.
For the foregoing reasons, we find that Kerry's first assignment of error has no merit. His second assignment of error is meritorious. Accordingly, the judgment of the trial court is affirmed in part and reversed in part and the case is remanded to the trial court, with instructions to compute and apply credit to Kerry's penitentiary sentence for time served in the East Ohio Correctional Center, in addition to the credit for time served in the Belmont County Jail.
Vukovich, J. Concurs.
Waite, J. Concurs.