DECISION AND JUDGMENT ENTRY
This is an appeal brought by a juvenile, Andrew J., from the decision of the Huron County Court of Common Pleas, Juvenile Division, to revoke his probation and to commit Andrew to the custody of the Department of Youth Services ("DYS") for a minimum of six months and a maximum of Andrew's twenty-first birthday. For the reasons that follow, we affirm the ruling of the juvenile court.
The record shows that when Andrew was fourteen years old, a complaint was filed in the Huron County Court of Common Pleas, Juvenile Division, charging him with committing an act that would be gross sexual imposition ("GSI"), a felony of the third degree if it was committed by an adult. Andrew admitted the allegation. The juvenile court found the allegation proved beyond a reasonable doubt and adjudicated Andrew delinquent. In a dispositional order, the juvenile court placed Andrew on probation. During the adjudicatory and dispositional proceedings, the parties presented evidence to the juvenile court to show that Andrew was evaluated and diagnosed as autistic.
The juvenile court initially placed Andrew in a foster home on probation. However, that placement was not successful, and the juvenile court changed the dispositional order to place Andrew in a residential treatment facility, still on probation. The juvenile court was again asked to review Andrew's placement in 2000 when he was caught engaging in sexual behavior with some of the other boys placed at the residential treatment facility. In July 2000, the juvenile court ordered that Andrew be placed in a different residential treatment facility and specified as a condition of Andrew's probation that he "successfully complete" the residential treatment facility's "sex offender program by March 31, 2001."
In February, 2001, Andrew's probation officer alleged, in a complaint for violation of probation, that Andrew failed to successfully complete the sex offender program by the March 2001 deadline. The officer reported that the residential treatment center recommended that Andrew "be discharged due to his lack of progress."
The juvenile court held a hearing on the allegation that Andrew had violated probation. Andrew and his appointed attorney were present at the hearing. Andrew's probation officer and Andrew's counselor from the sex offender program at the residential treatment facility testified. At the close of the hearing, the juvenile court ruled that Andrew had violated his probation and ordered that Andrew be committed to the custody of DYS for a minimum of six months and a maximum of Andrew's twenty-first birthday.
Andrew has presented four assignments of error to challenge the ruling of the juvenile court revoking his probation and committing him to the custody of DYS. The four assignments of error are:
"FIRST ASSIGNMENT OF ERROR
 THE ORDER OF THE JUVENILE COURT FINDING A VIOLATION OF PROBATION WAS NOT SUPPORTED BY SUFFICIENT SUBSTANTIAL EVIDENCE AND THUS WAS CONTRARY TO LAW AND REVERSIBLE ERROR.
"SECOND ASSIGNMENT OF ERROR
 THE ORDER OF THE JUVENILE COURT FINDING VIOLATION OF A PROBATION CONDITION WAS UNCONSTITUTIONALLY INVALID BECAUSE IT WAS ARBITRARY, LACKED REASONABLE STANDARDS TO JUDGE ITS COMPLIANCE AND WAS NOT RELATED TO SERVING THE STATUTORY ENDS OF PROBATION.
"THIRD ASSIGNMENT OF ERROR
 THE JUVENILE COURT'S RELIANCE ON A PREPONDERANCE OF THE EVIDENCE STANDARD OF PROOF INSTEAD OF THAT OF SUBSTANTIAL EVIDENCE OF A VIOLATION OF PROBATION CONSTITUTED REVERSIBLE ERROR.
"FOURTH ASSIGNMENT OF ERROR
 THE FAILURE OF THE JUVENILE COURT TO PROVIDE A SUFFICIENT WRITTEN OR ORAL STATEMENT EXPLAINING THE REASONS FOR REVOKING THE CHILD'S PROBATION AND THE EVIDENCE RELIED ON VIOLATED HIS RIGHT TO DUE PROCESS CONSTITUTING REVERSIBLE ERROR.
Andrew's first and third assignments of error are interrelated and will be considered together. In support of both his first and third assignments of error, Andrew argues that the juvenile court applied the wrong standard to decide whether Andrew violated a condition of his probation. Specifically, Andrew says that the juvenile court applied a preponderance of the evidence standard, rather than looking for substantial evidence to prove the probation violation. He says no substantial evidence exists to show that he violated his probation.
First, we note that Andrew is correct that there should be substantial evidence to support a finding of a probation violation. State v. Hayes
(Aug. 10, 2001), Wood App. No. WD-00- 075, unreported. Accordingly, the juvenile court's use of the term "preponderance of the evidence" in its finding of a probation violation in Andrew's case was technically incorrect.
However, we find that the error was not prejudicial to Andrew because as this court has previously stated in a probation revocation case, the test applied to determine if there is substantial evidence of a probation violation "is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof." Id.; See, also, State v. Alderson (Aug. 31, 1999), Meigs App. No. 98 CA 12, unreported; and State v. Starcic (June 4, 1998), Cuyahoga App. No. 72742, unreported.
Our review of the record fails to support Andrew's assertion that there was no substantial evidence to show a probation violation in his case. The testimony of Andrew's probation officer showed that he had reviewed the conditions of Andrew's probation with Andrew, including the condition that Andrew successfully complete the sex offender program at the residential treatment center by March 31, 2001. The testimony of Andrew's counselor in the sex offender program showed that Andrew had made some progress in his treatment, but that it would not be possible for Andrew to successfully complete his treatment by March 31, 2001. The counselor testified that the facility where he works discharges residents when they reach their eighteenth birthday, which in Andrew's case was March 31, 2001.
The counselor testified that while Andrew had completed a workbook, he had not yet reviewed the workbook information with a counselor, had not done a relapse prevention workbook and had not yet reviewed with a counselor apology letters he wrote. The counselor testified that their program usually takes eighteen to twenty-four months for residents to complete, and Andrew had been at the facility for seventeen months. He testified that it would take Andrew another six months just to complete the relapse prevention workbook. He said Andrew was not ready to be released to a more moderate restriction program, and that he recommended that Andrew be sent to a more restrictive setting because after a total of four years of treatment at residential facilities, Andrew still had not progressed to a point where he could be returned to society.
The testimony of Andrew's probation officer and counselor was substantial evidence to show that Andrew could not meet his requirement to successfully complete his treatment by March 21, 2001. Accordingly, Andrew's first and third assignments of error are not well-taken.
In support of his second assignment of error, Andrew argues that the probation condition that he successfully complete his sexual offender program treatment by March 21, 2001, was arbitrary, lacked reasonable standards for determining compliance, and was not related to serving the statutory purposes for probation. He says that the addition of this requirement to his probation by the juvenile court on July 31, 2000, was arbitrary. He also contends that he had not yet violated the condition when the violation complaint was filed in February 2001, because his actual deadline to complete the condition was March 2001.
This court has previously noted that the failure to timely object to probation conditions results in the waiver of objections to the conditions. State v. Hayes (Aug. 10, 2001), Wood App. No. WD-00-075, unreported. In addition, we have said that when a party asks us to evaluate a probation condition for its compliance with statutory purposes, the party must provide us with a transcript of the original proceedings in the matter. If the transcript of the proceedings where the contested probation condition was first announced is not a part of the record on appeal, we must presume the regularity of the proceedings.Id.
In this case, Andrew did not timely challenge his probation condition to successfully complete the sexual offender program by a date certain, March 31, 2001. Accordingly, any objection he has to that condition was waived. In addition, Andrew has not presented this court with the transcript of the proceedings where that probation condition was first announced by the juvenile court, so we must presume the regularity of the proceedings. Finally, we note that the testimony showing that Andrew had not successfully completed his sexual offender program was given on April 2, 2001, so the March 31, 2001 deadline for completion of the program was already past when the court revoked Andrew's probation. The revocation of probation was therefore not premature, even if the filing of a complaint alleging a probation violation arguably was premature in this case. Andrew's second assignment of error is not well-taken.
In support of his fourth assignment of error, Andrew argues that the juvenile court failed to give a sufficient written or oral statement to explain its reasons for revoking his probation. He says that the juvenile court did not even explain what evidence it relied upon to make a finding that he had violated his probation.
Andrew is correct that a court revoking probation has an obligation to make a written or at least an oral explanation of the reasons it relied upon to rule that a probation violation has occurred. See Gagnon v.Scarpelli (1973), 411 U.S. 778, 786; and State v. Delaney (1984),11 Ohio St.3d 231. One purpose for this requirement is to ensure that a reviewing court has an adequate record to consider any challenges to the trial court's ruling.
In the case at bar, the juvenile court made very limited explanations for its ruling that Andrew had violated his probation. At the conclusion of the adjudicatory part of the revocation proceedings, the juvenile court merely said: "Okay. By a preponderance of the evidence, the Court finds violation of probation." Similarly, in the written judgment entry the juvenile court included the following statement:
 "The Court then considered all evidence and found that the complaint allegations were proven by a preponderance of the evidence. Having determined the issues, it is therefore ordered, adjudged and decreed that the child is adjudicated in violation of probation."
If these were the only statements on record, this court would be compelled to agree with Andrew that his due process rights were violated by a lack of adequate explanation by the juvenile court for its ruling that Andrew violated his probation. However, the trial court also made a statement at the close of the dispositional hearing. The trial court said:
 "Anything further from the parties? Mr. Evans, you and I apparently have a different knowledge of the current status of the DYS Programs in regard to treatment of sex offenders. In particular, my knowledge is that in sex offender treatments [sic] programs, it's progress that determines it, not the clock, determines release and they do have a program that is specifically devoted to sex offender treatment and he's not, would not be placed into the general population of thieves and other offenders. Andrew, it appears that your autism and the lack of strength in the program and Parmadale and Lincoln Place have left you at a status where you've made some progress, but not sufficient progress, for the Court to feel that you can be released to the community with low risk of re-offending. And because the Court has to be concerned about that, as well as your own progress, the Court finds that at this particular point placing you with the Department of Youth Services is the appropriate thing to do in the Sex Offender Treatment Program. The Court will require that that be done forthwith."
While the juvenile court should have made its explanatory statements on the record before it made the ruling that Andrew violated his probation, we find that the belated statements of explanation are sufficient, under the facts of this case, to provide an adequate record for review. Andrew has not been placed in a position where he is wondering what condition of probation was violated, compare Columbus v. Beuthin (1996),108 Ohio App.3d 651, 654-655. In this case, the record clearly shows that Andrew was aware that the accusation was that he had violated the condition that he complete the sex offender program by March 31, 2001. The record also clearly shows that the testimony presented at the revocation hearing showed that Andrew had not met that requirement. Accordingly, the juvenile court's failure to provide a written statement of its reasons for finding a probation violation is harmless in this case. Andrew's fourth assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Andrew is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., Judge, CONCUR.