DECISION AND JUDGMENT ENTRY
Richard Poorman appeals the Pickaway County Court of Common Pleas' decision granting summary judgment in favor of the Ohio Adult Parole Authority ("OAPA") and dismissing his petition for writ of habeas corpus. Poorman asserts that the trial court erred in granting summary judgment because he never received a copy of the OAPA's motion for summary judgment. Because the record contains evidence that the OAPA properly served Poorman in accordance with Civ.R. 5(B), and because Poorman did not file an affidavit in the trial court or otherwise offer evidence that he never received service of the motion, we disagree. Poorman also asserts that the trial court failed to rule on the issue he raised in support of his habeas petition regarding double jeopardy. Because no rule requires the trial court to address every argument advanced in support of a claim, and further because Poorman's assertion that his detention violates double jeopardy has no merit, we disagree. Accordingly, we overrule both of Poorman's assignments of error and we affirm the judgment of the trial court.
 I.
On March 7, 1975, the Portage County Court of Common Pleas of Ohio sentenced Poorman to two to five years imprisonment on a forgery conviction. Ohio paroled Poorman in 1977, but gave him "inactive" parole status and sent him to New Jersey on a bench warrant detainer issued on charges pending against him there. The state of New Jersey convicted, sentenced, and ultimately paroled Poorman. Poorman's subsequent criminal history includes convictions in Missouri, Ohio and Kentucky.
Poorman's parole status changed several times over the course of his criminal history, however, those changes are not relevant to the issues before us in this appeal. Suffice it to say that Poorman was incarcerated in New Jersey in 1999, when the New Jersey State Parole Board released him on parole "pursuant to the Ohio plan," and Ohio changed his parole status from inactive to active. In accordance with the terms of both his New Jersey and his Ohio parole, Poorman reported to his supervising parole officer in Dayton, Ohio, on June 21, 1999. Poorman failed to make contact with his parole officer after July 14, 1999. On September 27, 1999, he was declared a violator-at-large in Ohio based on the fact that his parole officer could not verify his whereabouts and the fact that authorities in Beavercreek, Ohio, wanted him for passing bad checks and stealing an automobile.
In December of 1999, Poorman was arrested in New Jersey. New Jersey revoked his parole because he left the state of Ohio, and thus violated the terms of his New Jersey parole that required him to abide by "the Ohio plan." New Jersey incarcerated Poorman, then extradited him to Ohio in 2001 to face parole violation charges and the Beavercreek, Ohio, charges. Ohio revoked Poorman's parole on the ground that he violated his Ohio parole by leaving the state.
Poorman filed a habeas corpus petition, claiming he is entitled to immediate release from confinement. In support of his petition, Poorman argued that his sentence expired in 1980. Additionally, Poorman supported his claim by arguing that revocation of his parole constitutes a violation of his constitutional protection against double jeopardy, since New Jersey revoked his parole for leaving the state of Ohio before Ohio revoked his parole for leaving the state of Ohio.
The OAPA filed a motion for summary judgment, and attached a certificate of service certifying that the attorney for the OAPA, Diane Mallory, mailed a copy of the motion by regular, first-class mail to Poorman at the address he provided, that of the Correctional Reception Center in Orient, Ohio. Poorman did not file a response to the OAPA's motion for summary judgment, and the trial court granted the motion.
Poorman appeals, asserting the following assignments of error:
 [The trial court erred in granting Appellee's motion for summary judgment because] Appellant did not receive appellee's motion for summary judgment or response.
The trial court failed to rule on the Plaintiff's issue that the parole violation was double jeopardy.
 II.
In his first assignment of error, Poorman asserts that the trial court erred in granting the OAPA's motion for summary judgment because he never received a copy of that motion, and thus was prevented from responding to it.
Pursuant to Civ.R. 5(B), "[s]ervice by mail is complete upon mailing." A presumption of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process.Potter v. Troy (1992), 78 Ohio App.3d 372, 377; see, also Metzenbaum v.Ohio Dept. of Commerce (July 10, 1997), Cuyahoga App. No. 71791, unreported. The opposing party may rebut that presumption by producing sufficient evidence, such as an affidavit, that he never received service. Potter, citing Grant v. Ivy (1980), 69 Ohio App.2d 40. However, unsworn statements, such as bare allegations in an appellate brief, do not constitute evidence and are not sufficient to rebut the presumption of proper service. Potter at 377; Metzenbaum.
In Potter, the plaintiff appealed the summary judgment ruling in favor of the defendant, asserting that he never received a copy of the defendant's motion and was thereby denied his right to be heard and present evidence. The record reflected that the defendant mailed a copy of the motion to the plaintiff's attorney's address. The appellate court determined, because the plaintiff did not present evidence such as an affidavit or sworn testimony indicating that he did not receive the motion, that the trial court properly acted on the presumption that the plaintiff received proper service. Potter at 377.
In this case, Poorman asserts on appeal that he did not receive service of the OAPA's motion for summary judgment. However, the record contains a certificate of service in which Diane Mallory, attorney for the OAPA, swore that she mailed a copy of the motion to Poorman at the Correctional Reception Center in Orient, Ohio. Poorman indicates in his brief to this court that authorities at Orient failed to deliver his mail when he left the facility for a week to appear in another court. However, a statement in a brief to this court does not constitute evidence. See Potter,supra; Metzenbaum, supra. Because Poorman failed to provide any evidence that he did not receive service of the OAPA's motion for summary judgment, the trial court properly acted on the presumption that proper service occurred. Therefore, the trial court did not err in granting the OAPA's motion for summary judgment without receiving a response from Poorman. Accordingly, we overrule Poorman's first assignment of error.
 III.
In his second assignment of error, Poorman argues that the trial court erred by failing to address his argument that he has been subjected to double jeopardy. Specifically, Poorman filed a memorandum in support of his habeas petition in which he asserted that the OAPA's detention of him is unlawful because the New Jersey State Parole Board revoked his parole for the same reason that the OAPA revoked his parole, to wit, because he left the state of Ohio.
Poorman does not cite to any rule or precedent that requires a trial court to address every argument raised by a party in support of a claim for relief. In this case, both Poorman and the OAPA raised several arguments in support of their respective positions regarding whether the OAPA is unlawfully detaining Poorman. The trial court found that the "OAPA has provided sufficient evidence [and] * * * [b]ased on the evidence and the law, this Court finds that no genuine issue of material fact exists and the [OAPA] is entitled to judgment as a matter of law." Thus, the trial court expressly stated that it considered the evidentiary and legal issues surrounding Poorman's claim.
Additionally, even if the trial court had erred in failing to address Poorman's argument that double jeopardy applies in this case, we would find the error to be harmless because his claim has no merit. The Ohio and the United States constitutions prohibit successive criminal prosecutions for the same offense. Blockburger v. United States (1932),284 U.S. 299. However, the revocation of Poorman's parole in Ohio merely constituted an administrative proceeding that reinstated the sentence Poorman originally received on the forgery offense for which he was paroled. See Columbus v. Beuthin (1996), 108 Ohio App.3d 651, 654; Statev. Hollis (May 15, 1997), Cuyahoga App. No. 70781, unreported; State v.Zanders (Nov. 22, 1995), Summit App. No. 17147, unreported. Thus, the prohibition on double jeopardy has no bearing on his parole revocation.
Accordingly, we overrule Poorman's second assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Abele, P.J.: Concur in Judgment Only.
Harsha, J.: Dissent.