The CITY OF COLUMBUS, Appellee,

v.

BICKEL, Appellant.

[Cite as *Columbus v. Bickel* (1991), 77 Ohio App.3d 26.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–146 and 91AP–147.

Decided Sept. 3, 1991.

28

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Thomas K. Lindsey,* for appellee.

*James Kura,* Public Defender, and *Paul Skendelas,* for appellant.

McCORMAC, Judge.

Appellant, Rondal Bickel, appeals the revocation of his probation by the Franklin County Municipal Court and assigns as error the following:

*"First assignment of error*

"The probation revocation hearing conducted in this case violated appellant's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

*"Second assignment of error*

"The trial court erred in revoking appellant's probation for violating conditions not set forth in the record as having been adopted by the court.

*"Third assignment of error*

"The trial court erred in revoking appellant's probation for violation of conditions which have no relationship to the original offenses, relate to conduct not criminal in nature, and are not reasonably related to future criminality.

*"Fourth assignment of error*

"The trial court erred in revoking appellant's probation for engaging in 'an offensive course of conduct' as the phrase fails to clearly state the prohibited conduct.

*"Fifth assignment of error*

"The trial court erred in revoking appellant's probation for minor violations in the terms or conditions of probation.

*"Sixth assignment of error*

"The trial court denied appellant due process and equal protection of law by revoking his probation, in part due to his failure to make all of his child support payments, without first making a determination that he was able to pay.

*"Seventh assignment of error*

"The trial court lacked jurisdiction to use probation on a misdemeanor charge from municipal court as a means of enforcing an order of support imposed by the domestic relations court.

*"Eighth assignment of error*

"It is the duty of the trial court in a probation revocation hearing to provide minimum due process protections. If it is determined that counsel failed to

preserve any issue or right, that failure would amount to a denial of the effective assistance of counsel warranting a new hearing."

Appellant pled guilty in the Franklin County Municipal Court to negligent assault and criminal damaging, both misdemeanor offenses pursuant to Columbus City Code 2303.02 and 2305.02, respectively. Appellant's term of incarceration was suspended in lieu of a three-year probationary sentence to begin December 16, 1988. The court's journal entry imposed upon appellant special conditions of probation, which required that he complete one hundred twenty hours of community service and pay court costs by March 1, 1989. Subsequently, the probation department added the following probation rules as special conditions of appellant's probation:

"1. You shall not violate any law (Federal, State and Local) and not be engaged in an offensive course of conduct."

"3. You shall work regularly at a lawful occupation to the best of your ability, or be actively and sincerely seeking employment. When out of work you shall notify your Probation Officer at once."

"5. You shall abide by all conditions and orders imposed upon you by this Court or your Probation Officer. The additional conditions are as follows:

"(A) Fully comply with Child Support;

"(B) Enforcement Agency."

On December 3, 1989, the probation department filed a statement of appellant's probation violations upon which the revocation hearing, which is the basis of this appeal, was held. Specifically, the statement alleged that appellant violated the aforequoted probation rules numbered one, three, and five by failing to comply with orders issued by the Franklin County Court of Common Pleas, Domestic Relations Division, which required appellant to report changes in his employment and which deemed appellant in civil contempt for failure to meet the child support obligation incorporated in his divorce decree. Consequently, neither the preliminary hearing nor the final revocation hearing was conducted for the purpose of determining whether appellant violated any express probation condition properly announced in its journal entry in compliance with R.C. 2929.51(D).

Each assignment of error raised by appellant concerns the procedure employed by the trial court at the final probation revocation hearing. Initially, we note that appellee has conceded that appellant's second, fourth, and sixth assignments of error should be sustained. We furthermore recognize that the thrust of appellant's assignments of error numbered one, three, five, and eight is that the trial court's proceedings resulted in an abuse of discretion granted it by R.C. 2151.09 and a violation of the procedural due

process rights guaranteed to appellant by the United States and Ohio Constitutions. The determinative issue, however, is presented by appellant's seventh assignment of error, wherein he asserts that the probation revocation proceedings were conducted by the municipal court without subject matter jurisdiction. If appellant's position in his seventh assignment of error is correct, this case must be dismissed and appellant's probation reinstated. If, however, the municipal court had subject matter jurisdiction to conduct the probation revocation proceedings in this case, we will resolve the remaining assignments of error for purposes of a new probation revocation hearing upon remand.

The question specifically presented by appellant's seventh assignment of error is whether the municipal court had subject matter jurisdiction to determine whether appellant violated the minimum statutory condition of probation contained in R.C. 2951.02(C) that he abide by the law when he allegedly failed to comply with specific orders to provide child support issued by the Court of Common Pleas, Domestic Relations Division, in the divorce decree and in its subsequent contempt order. The reason why the jurisdictional issue is so narrow in this case is that the probation rules added by the probation department as special conditions to appellant's probation, which were originally alleged to have created the probation violations and were relied upon exclusively by the trial court to revoke appellant's probation, were properly conceded in this appeal to be invalid under R.C. 2929.51(D). Since no allegations were made that appellant violated the two probation conditions in the court's journal entry, the only condition upon which appellant's probation could possibly be revoked in this case is the minimum statutory condition of R.C. 2951.02(C), which specifically conditions that a probationer abide by the law. That condition automatically applies, whether stated in a court's written judgment or not.

Appellant asserts that the domestic relations court, not the municipal court, has exclusive subject matter jurisdiction to enforce child support orders and to determine whether appellant's alleged conduct in failing to comply with child support orders was a breach of the laws regarding child support. Appellant argues that there must be a conviction by the domestic relations court that renders appellant guilty of violating a criminal law governing child support before the municipal court has grounds to revoke appellant's probation for failure to abide by that law.

The subject matter jurisdiction of common pleas and municipal courts is defined entirely by statute, pursuant to Sections 1 and 4, Article IV of the Ohio Constitution. R.C. 3105.011 grants the court of common pleas, including divisions of courts of domestic relations, full equitable powers and jurisdiction

appropriate to the determination of all domestic relation matters. The child support order in this case, as revealed by the contempt judgment entered by the domestic relations court, is derived from the party's divorce decree pursuant to R.C. 3109.05.

■ This action was not commenced by the filing by appellant's ex-wife of an appropriate motion or of any civil contempt action to enforce the child support order contained in the divorce decree. Rather, it was a probation revocation proceeding, based on prior convictions in Franklin County Municipal Court, initiated by the probation department under R.C. 2951.08 and 2951.09. Those statutes specifically grant the sentencing court continuing jurisdiction to revoke a probationary sentence throughout the probation period. R.C. 2951.09 recites, in relevant part:

"When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge * * * may terminate the probation and impose any sentence that originally could have been imposed or continue the probation * * * at any time during the probationary period. * * * At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged. * * * "

The jurisdiction of the municipal court to reimpose the original sentence for appellant's prior misdemeanor convictions for negligent assault and criminal damaging thus continued until expiration of the three-year probationary period.

■ Although R.C. 2951.08 and 2951.09 empowered the municipal court to revoke appellant's probation for violation of any probation condition, the question is whether the municipal court could determine that there was a violation of the probation condition that appellant "abide by the law" prior to appellant having been convicted in a court of proper jurisdiction of the alleged offense. In other words, the primary issue is whether the sentencing court must wait for a conviction in the proper court and possibly lose subject matter jurisdiction to revoke probation if the probation period expires, when a probationer is accused of violating, during the probationary period, the minimum statutory condition of probation that he "abide by the law."

It is understood that the minimum statutory condition of probation contained in R.C. 2951.02(C), that probationers "abide by the law," means that probationers must abide by the criminal law. Certainly, therefore, a criminal conviction can provide the basis for probation revocation by the sentencing court. We cannot say, however, that the sentencing court must wait for a criminal conviction to revoke probation on the basis that the probationer

violated his probation by breaking a criminal law. In *State v. Mingua* (1974), 42 Ohio App.2d 35, at 40, 71 O.O.2d 234, at 237, 327 N.E.2d 791, at 795, and headnote two, we specifically held that the quantum of evidence required to support a revocation of probation or parole need not rise to the standard of beyond a reasonable doubt, as it must to sustain a criminal conviction. Rather, to justify probation revocation in a given instance, the evidence presented at the revocation hearing must be of a "substantial" nature. *Id.* Thus, it would not be necessary for the municipal court to wait for a criminal conviction under R.C. 2919.21 in order to revoke appellant's probation because of his alleged failure to abide by the criminal law pursuant to R.C. 2951.02(C), so long as there was "substantial" evidence that appellant's failure to comply with the domestic relations court's child support orders was a violation of the criminal law.

Appellant's seventh assignment of error is overruled.

■ To preserve a probationer's liberty as long as he substantially complies with his conditions of probation, the United States Supreme Court in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, established both a bipartite procedure for probation revocation when a sentence has previously been imposed, as well as six minimum due process requirements applicable in final probation revocation hearings. See, also, *State v. Miller* (1975), 42 Ohio St.2d 102, 71 O.O.2d 74, 326 N.E.2d 259. First, a preliminary hearing is conducted to determine whether there is probable cause that a probationer violated one or more conditions of his probation. Only after this wholly factual question is answered affirmatively may the court conduct a final revocation hearing to determine whether probation should be revoked or continued. *Morrissey v. Brewer* (1972), 408 U.S. 471, at 479–480, 92 S.Ct. 2593, at 2599–2600, 33 L.Ed.2d 484, at 493. At the final revocation hearing, the court must comply with the following six minimum due process requirements:

" '(a) [W]ritten notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body * * * and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.' * * * " *Id.* at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499; *Gagnon, supra,* 411 U.S. at 786, 93 S.Ct. at 1761, 36 L.Ed.2d at 664.

■ In the instant case, the preliminary hearing on December 21, 1990 was based on the statement of alleged probation violations filed by the

probation department on December 3, 1990. That statement charged appellant with violating the aforequoted probation rules numbered one, three and five, which were conceded by appellee to be invalid special conditions in this case. Nevertheless, all of the probation rule violations were based on a contempt order from the Franklin County Court of Common Pleas, Domestic Relations Division, which deemed appellant in civil contempt for failing to comply with the child support obligation contained in his divorce decree and with subsequent orders of the Franklin County Child Support Enforcement Agency ("CSEA"). Although not specifically relied upon by the probation department or the trial court as a basis for revoking appellant's probation, failure to provide adequate support to children can be a criminal offense pursuant to R.C. 2919.21(A), which would provide a basis for probation revocation for failing to abide by the criminal law pursuant to R.C. 2951.02(C). Most significantly, a person can be guilty of nonsupport under R.C. 2919.21(A) by reason of failing to provide support to his or her child as required by a child support order issued on or after April 15, 1985.[1] Therefore, probable cause that appellant failed to abide by the criminal law could be determined from the common pleas court's contempt judgment. Also, if appellant's children were wards of the county Department of Human Services, or were recipients of Aid to Dependent Children, R.C. 3113.06 would provide a basis for criminal liability for failure to provide child support.

Appellant's remaining assignments of error concern the procedure employed by the trial court at the final revocation hearing and will therefore be reviewed within the limits of Crim.R. 32.3 and the six due process requirements of *Gagnon, supra.* Initially, we reject appellant's eighth assignment of error, that he was denied the effective assistance of counsel. This assignment of error is a response to appellee's claim of waiver of the

---

1. In *State v. Oppenheimer* (1975), 46 Ohio App.2d 241, 75 O.O.2d 404, 348 N.E.2d 731, at paragraph two of the syllabus, we held that *a parent* having custody of minor children who is able to fully support such children, and has done so, may not utilize criminal prosecution under R.C. 2919.21 as a means of enforcing the obligation of the other parent to contribute to the support of their minor children. Our holding was based, in part, on the fact that, in 1975, R.C. 2919.21 did not make it a criminal offense to fail to comply with a support order contained in a divorce decree. R.C. 2919.21 was amended in 1985 to specifically include violation of a child support order contained in a divorce decree as a basis for criminal conviction under that statute. It is still speculative, however, whether *Oppenheimer* continues to preclude the possibility of a criminal prosecution under R.C. 2919.21 against the noncustodial parent for failing to contribute to the support of a minor child when that child is fully supported by the custodial parent. There have been no cases addressing this issue since the statute's amendment in 1985. Nevertheless, we do not read *Oppenheimer* as having created an affirmative defense which could prevent a finding of probable cause that R.C. 2919.21 was violated whenever a defendant offers proof that the custodial parent fully supported appellant's minor children.

procedural errors raised in appellant's first assignment of error. The violations of procedural due process raised by appellant in his first assignment of error, if true, would amount to plain error under Crim.R. 52(B) which affected several substantial rights of appellant.

In his first assignment of error, appellant insists that the final revocation proceeding violated the third, fourth, and fifth *Gagnon* requirements by the court's admission of unauthenticated CSEA records, an unauthenticated statement of probation violations, unsworn testimony of appellant's ex-wife, and the court's refusal of appellant's own testimony. Additionally, appellant cites a violation of the last requirement of *Gagnon, supra,* that a written statement by the factfinder be provided to appellant.

Evidence of appellant's nonpayment of child support in contempt of the prior child support order of the domestic relations court was proven by an unauthenticated computer printout from CSEA from appellant's child support payment history. This printout was handed to the judge by appellant's ex-wife, who was never formally sworn in as a witness. The transcript furthermore reveals that a probation officer offered a document which supposedly reflected appellant's delinquency in child support payments. The probation officer also submitted its statement of violations. The CSEA records custodian was absent throughout the final revocation hearing. The court furthermore asked appellant's ex-wife if she wished to offer a statement for the record, whereupon she said that appellant owed her $10,000 in child support which she has been unable to recover despite thirty-nine trips to court.

■ Clearly, the unsworn testimony of appellant's ex-wife, as well as the admission of the unauthenticated CSEA and probation department records, would be deemed inadmissible hearsay under the Rules of Evidence. Evid.R. 101(C), however, eases the admissibility of evidence at probation revocation hearings. Nevertheless, the rules concerning the offering and receiving of evidence in probation revocation hearings have not been relaxed. See *State v. Bates* (Feb. 22, 1991), Wood App. No. WD–90–29, unreported, 1991 WL 21524. Thus, evidence admitted in probation revocation hearings must still be properly authenticated and marked as evidence in order to be considered by the trial judge in deciding whether to revoke probation.

■ Evid.R. 101(C) specifically excepts application of the Rules of Evidence, including the hearsay rule, from probation revocation hearings. The rationale for the exception is that, since a probation revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation. *Miller, supra,* 42 Ohio St.2d at 106, 71 O.O.2d at 76, 326 N.E.2d at 262. Still, the admission of

hearsay evidence at a probation revocation hearing can compromise the probationer's due process right to confront adverse witnesses. Although a probationer's right to confront and cross-examine adverse witnesses at a probation revocation hearing is not absolute, that right is preserved by the fourth requirement of *Gagnon, supra,* unless the sentencing court specifically finds good cause for not allowing the confrontation.

In this case, not one piece of evidence relied on by the trial judge to revoke appellant's probation was actually offered into or received as evidence. The documentary evidence was not properly authenticated and the live testimony was unsworn. Thus, appellant's right to confront and cross-examine adverse witnesses was entirely deprived and, as a result, there remains no evidence which justifies the revocation of appellant's probation.

The transcript furthermore reveals that there was no prior finding by the trial judge of good cause for not allowing the authenticating testimony of appellant's probation officer. The syllabus rule of *Miller, supra,* states that, at a probation revocation hearing, due process requires the direct testimony of the probation officer who prepared the defendant's statement of probation violations unless the record shows good cause for the officer's absence from the hearing. Therefore, admission of the probation department's records without the sworn testimony of the probation officer who prepared them, and without a prior finding of good cause by the trial court, violated appellant's due process right as reflected in the fourth requirement of *Gagnon, supra,* to confront adverse witnesses. Likewise, the copies of child support enforcement agency payment histories, even if public records, must be authenticated by the records custodian in order for them to be reliable evidence of appellant's delinquency.

Moreover, the last requirement of *Gagnon, supra,* is that the court issue a written statement as to the evidence relied on and the reasons for revoking probation. A court's journal entry does not qualify as a written statement. The judge must issue a decision which states his findings and reasons for revoking appellant's probation. Furthermore, the court did not sufficiently inform appellant through an oral statement of the reasons for which his probation was revoked and the evidence relied upon so as to bring this case within the very narrow exception recognized in *State v. Delaney* (1984), 11 Ohio St.3d 231, 235, 11 OBR 545, 548, 465 N.E.2d 72, 76. Therefore, we find a deprivation of appellant's right to due process by the court's failure to issue a written statement.

Finally, appellant's contention that the probation revocation hearing was not conducted by a neutral and detached magistrate is not well taken.

No prejudice results from the sentencing judge also conducting the revocation hearing as is contemplated by R.C. 2951.09. See *State v. Murr* (1987), 35 Ohio App.3d 159, 520 N.E.2d 264.

Appellant's first assignment of error is sustained.

In appellant's third assignment of error, he argues that his probation was revoked for conditions not contained in the record. This was conceded by the prosecutor. Appellant asserts that, even if the aforequoted probation rules were properly journalized by the trial court as special probation conditions, the imposition of such conditions would be an abuse of discretion under the analysis of *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469. We decline to decide this issue as it is not before us other than for advisory purposes.

Appellant's third assignment of error is overruled.

Likewise, in his fifth assignment of error appellant maintains that, even if a violation of a probation condition is proven on rehearing, a decision to revoke his probation would be an abuse of discretion because any violation was minor. A trial court is granted wide latitude in revoking probation by R.C. 2951.09. The United States Supreme Court stated in *Gagnon, supra,* that the decision to revoke should not be made lightly. Nevertheless, it is clear that appellant's probation was improperly revoked because of a violation of his procedural due process rights. If on remand a violation is properly proven, the judge has the discretion to decide whether to continue or to revoke according to the statutory guidelines. Of course, in determining whether a violation of R.C. 2919.21(A) has occurred, there must be proper evidence presented proving the violation by the requisite burden of proof. Additionally, appellant must be given an opportunity to present an affirmative defense provided for by R.C. 2919.21.

Appellant's fifth assignment of error is overruled.

Appellant's first, second, fourth, and sixth assignments of error are sustained. Appellant's third, fifth, seventh, and eighth assignments of error are overruled. The judgment of the trial court is reversed and the cause is remanded for further procedure consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.