[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Erie County Court of Common Pleas which revoked the probation of appellant, Ronald Laws. Appellant sets forth the following assignment of error:
 "The Defendant-Appellant's Probation Revocation Hearing Denied Him His Right to Due Process Pursuant to Both the Ohio and Federal Constitutions."
The following facts are relevant to this appeal. Appellant pled guilty to two counts of receiving stolen property on December 21, 1995. On December 29, 1995, he was sentenced to a term of eighteen months on each count, with each count to be served consecutively. The incarceration portion of each sentence was suspended and appellant was placed on probation for a period of five years.
Probable cause proceedings on appellant's alleged violation of the terms and conditions of his probation were initiated in August 1996. In an August 9, 1996 judgment entry, the trial court noted that appellant acknowledged receiving a list of alleged violations. A hearing was held. In a judgment entry dated December 23, 1996, the trial court, after noting that appellant admitted to the violations, found that appellant had violated the terms and conditions of his probation but continued appellant on his probation with additional conditions.
On November 25, 1996, a second probable cause letter was filed by the probation department alleging that appellant had violated the terms and conditions of his probation. In its judgment entry, the trial court noted that appellant acknowledged receiving a list of the alleged violations. A hearing was held on December 11, 1996. Appellant's probation officer, another officer, and appellant testified.
In his assignment of error, appellant argues that the trial court erred when it permitted the results of appellant's drug tests to be presented in violation of appellant's rights to due process because these tests are unreliable. This court finds no merit in this argument.
Evid.R. 101(C)(3) provides that the rules of evidence do not apply to probation revocation hearings. In State v. Miller
(1975), 42 Ohio St.2d 102, 106, in reviewing a probation revocation, the Ohio Supreme Court noted:
 "* * * We emphasize that there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." (Citation omitted.)
Furthermore, even if the trial court had erred in admitting the test results, any error was harmless. There was additional other evidence which indicated that appellant violated the terms and conditions of his probation. The revocation of his probation was justified.
Appellant's probation officer testified that appellant admitted to her that he had pled no contest to petty theft while on probation. At the probation revocation hearing, appellant himself admitted that he had pled no contest to petty theft while on probation. A criminal conviction alone can provide the basis for revocation of probation. Columbus v. Bickel (1991), 77 Ohio App.3d 26,32-34; R.C. 2951.02(C) (condition of probation that probationer abide by law.).
Appellant also argues that the trial court failed to meet the standards of due process in failing to state the basis for the probation revocation. This court finds no merit in this argument.
Appellant acknowledged receiving the probable cause letter dated November 25, 1996, which contained the alleged violations of the terms and conditions of probation. The trial court's December 23, 1996 judgment entry states that appellant violated the terms and conditions of probation as contained in the probable cause letter dated November 25, 1996. This court finds that the trial court complied with the requirement of a written statement to inform a defendant of the reasons for revocation of probation.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
CONCUR.