JOURNAL ENTRY AND OPINION
Defendant-appellant Michael Sullivan appeals from the Lakewood Municipal Court's revocation of his probation. We find no merit to the appeal and affirm.
On June 1, 2000, a complaint for domestic violence was filed against Sullivan in Lakewood Municipal Court. On June 5, 2000, a temporary protection order was issued, ordering Sullivan to stay away from the victim.
On November 28, 2000, Sullivan pled no contest to an amended charge of attempted assault and was fined $750 and placed on one year probation in lieu of a ninety-day jail sentence, subject to the following three conditions:
 (1) enroll in an anger management program within 30 days and complete program. (2) abstain from all drugs of abuse. (3) TPO remains in effect.
On January 24, 2001, the Lakewood Police Department received a call from the victim that Sullivan was breaking things inside the residence. Officers responded to the scene and after locating Sullivan down the street, arrested him for violating the temporary protection order. They later discovered that his contact with the victim was actually a violation of his probation.
Sullivan appeared in court on February 6, 2001 for a hearing on his probation revocation. The transcript of the proceedings indicates that Sullivan's counsel argued that Sullivan had not received notice of the charges against him. The trial court gave Sullivan verbal notice of the charges and the matter was reset for February 12, 2001.
On February 12, 2001, Sullivan filed a motion to terminate the probation revocation hearing. He argued again that he was not given written notice of the charges and that he did not violate probation because the temporary restraining order was void. The trial court ordered the bailiff to serve Sullivan's counsel with written notice and the matter was continued until March 9, 2001. On February 27, 2001, the trial court denied Sullivan's motion to terminate the probation revocation hearing in a three-page opinion.
On March 9, 2001, the hearing was conducted. After receiving testimony from Sullivan's probation officer and a Lakewood police officer and detective, the trial court concluded that Sullivan had contacted the victim, which violated one of the terms of his probation. His original ninety-day sentence was reimposed.
This court issued a conditional stay of Sullivan's sentence pending appeal. Sullivan raises three assignments of error.
 I. WHETHER VOID CONDITION OF PROBATION COULD SERVE AS BASIS FOR ALLEGED PROBATION VIOLATION.
Sullivan argues that the trial court could not extend a temporary protection order as a condition of probation because pursuant to R.C. 2919.26(E), the temporary protection order expires on the date the offender is sentenced.
In sentencing Sullivan on the attempted assault charge, the trial court's journal entry stated in part, "TPO remains in effect." During the sentencing of Sullivan on the original count, Sullivan's counsel did not object to the sentence, nor did Sullivan file a direct appeal from the original sentence. By failing to object to, or appeal from the original terms of his probation, Sullivan is deemed to have waived any objection to those conditions. State v. Hayes (Aug. 10, 2001), Wood App. No. WD-00-075, unreported.
Furthermore, although it is a fundamental principle of law that the trial court speaks through its journal entry, where, in the interest of justice, it is essential for a reviewing court to ascertain the meaning of the trial court's judgment, the reviewing court must examine the proceedings of the lower court. Joyce v. General MotorsCorp. (1990), 49 Ohio St.3d 93, paragraph one of syllabus.
In the instant case, because of the trial court's inaccurate choice of words, "TPO remains in effect," a review of the record is necessary to determine whether the trial court actually intended to impose a pretrial release condition provided in R.C. 2919.26
as a condition of probation. A review of the original sentencing transcript indicates that the trial court intended to impose a no contact order. The sentencing record indicates the following dialogue between the court and Sullivan:
 COURT: The conditions of probation: One, the protective order will remain in effect at this time. Tina did not respond, so that order is in here. If you're having contact with her, you'll go to jail. Understand?
SULLIVAN: I understand.
(Nov. 28 Transcript, at 6.)
The probation officer also testified at the probation revocation hearing that she explained the probation conditions to Sullivan, including the no contact order, and that he acknowledged he understood and signed the probation rules in acknowledgment of his understanding.
Sullivan's first assignment of error is overruled.
 II. WHETHER THE PROCESS EMPLOYED BY THE CITY OF LAKEWOOD IN THE REVOCATION OF APPELLANT'S PROBATION CONSTITUTED A VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS.
Sullivan argues that his due process rights were violated because he did not receive adequate written notice detailing his alleged probation violation, including such things as the date of the violation and the evidence that would be presented, and that the trial court failed to provide a written statement of the evidence relied upon in revoking the probation.
In Gagnon v. Scarpelli (1973), 411 U.S. 778,36 L.Ed.2d 656, 93 S.Ct. 1756, the United States Supreme Court set forth the minimum due process requirements for probation revocation proceedings. First, a court must conduct a preliminary hearing to determine whether probable cause exists to believe that the probationer has violated the conditions of his or her probation. Gagnon, 411 U.S. at 784-786. "Once it is determined that the conditions of probation have been violated, a second, less summary proceeding is held to determine whether the probation should be revoked or modified." Columbus v. Lacy (1988),46 Ohio App.3d 161, 162, 546 N.E.2d 445, citing Gagnon at 784-786.
In Gagnon at 786, the Supreme Court, relying on its earlier decision of Morrissey v. Brewer (1972), 408 U.S. 471, 489,33 L.Ed.2d 484, 92 S.Ct. 2593, stated that this final revocation hearing must encompass the following six minimum due process requirements:
 (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * *; (e) a "neutral and detached" hearing body * * *; and, (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.
Upon review of the record before us, we conclude that the trial court complied with the minimum due process requirements in revoking appellant's probation.
Sullivan received both oral and written notice of the claimed violation of probation. "Although Sullivan initially was not given written notice of the alleged probation violation, the trial court, upon being notified of the failure of notice, gave Sullivan verbal notice on the record. Although the preferred course is for a trial court to give the probationer notice of the claimed probation violations in written form, oral statements which explain the basis of the revocation proceeding may be sufficient where the statements provide adequate notice to probationer and also a record for appellate review of the revocation proceeding." State v. Jordan (Nov. 12, 1998), Cuyahoga App. No. 73478, unreported.
In the instant case, the trial court verbally advised Sullivan that the basis for the revocation hearing was the fact he had contact with the victim. When the trial court asked him if he understood, Sullivan responded that he did. This sufficiently preserved Sullivan's right to due process. Moreover, when Sullivan's counsel persisted in requiring written notice, the trial court drafted a written notice and had the bailiff personally serve Sullivan. Sullivan's failure to initially receive written notice was a purely formal defect, and he fails to demonstrate any negative impact on his ability to prepare a defense to the revocation. State v. Bleasdale (1990), 69 Ohio App.3d 68,70-71.
Sullivan contends that the notice must also apprise the probation violator of the evidence in support of revoking the probation. However, we find no such requirement. As this court held in State v.Jones (May 9, 1991), Cuyahoga App. No. 58423, unreported:
 As to appellant's first allegation, the hearing required written notice of the claimed violation and "disclosure of evidence." See State v. Miller (1975), 42 Ohio St.2d 102. Appellant combines these two requirements by arguing that the failure of the probation department to give him "written disclosure" of evidence was a violation of his due process rights. The qualifying word "written" in the above due process requirements refers to notice and not to disclosure of evidence. The evidence was disclosed to the appellant at the hearing and this disclosure satisfied the due process requirements.
Likewise, in the instant case, evidence was presented at the preliminary hearing in support of Sullivan's probation revocation. Sullivan's counsel stipulated that the evidence presented at the preliminary hearing would be the same evidenc presented at the revocation hearing on the merits. This allowed the court to determine that the probation should be revoked without conducting another hearing. If counsel wished to rebut any of the evidence, he should not have stipulated to the evidence because any rebuttal evidence could have been presented at the actual revocation hearing.
Finally, Sullivan argues that his due process rights were violated by not receiving a statement of the evidence relied upon by the court in revoking his probation. The trial court's page-and-a-half judgment entry adequately sets forth the evidence relied upon by the trial court in revoking Sullivan's probation.
Sullivan argues that the "judgment entry" cannot satisfy the requirement of a written statement of the evidence. The case law Sullivan relies upon actually states that the trial court's "journal entry" cannot satisfy the requirement. Columbus v. Bickel (1991),77 Ohio App.3d 26. The court in Bickel held, A court's journal entry does not qualify as a written statement. "A judge must issue a decision which states his findings and reasons for revoking appellant's probation." Id. at 37. This is exactly what the court did in the instant case.[1]
Sullivan's second assignment of error is overruled.
 III. WHETHER THE APPELLANT'S RIGHTS TO DUE PROCESS OF LAW AND FUNDAMENTAL FAIRNESS WERE VIOLATED BY THE TRIAL COURT.
Sullivan argues that the original trial judge was clearly biased against him based on the judge's remarks to Sullivan and his counsel. Sullivan's counsel requested that the trial judge recuse himself and also filed an affidavit of disqualification with the court of common pleas, which was denied.
The record indicates that although the affidavit of disqualification was denied, the trial judge voluntarily removed himself from the case and a visiting judge was appointed for the revocation hearing. Counsel made the same arguments before the visiting judge that he raised in his original motion to terminate the revocation proceedings. Therefore, no prejudice resulted from any alleged hostility between counsel and the original trial judge.
Sullivan's third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. CONCURS; ANN DYKE, J. CONCURS INJUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] Sullivan also cites to Columbus v. Beuthin (1996),108 Ohio App.3d 651, in support of his argument; however, Beuthin
incorrectly cites to Bickel as stating "judgment entry." As the court found in State v. Occhipinti (May 14, 1999), Lake App. No. 98-L-061, unreported, there is a distinction between a "journal entry" and a "judgment entry." A "judgment entry" is the court's issuance of a final decision, while a "journal entry" is the clerk's entry of that judgment on the journal. Id.