OPINION
{¶ 1} Appellant, Lynn M. Osting, appeals from the October 24, 2001 judgment entry of the Girard Municipal Court.
 {¶ 2} On July 9, 2000, Patrolman O'Brien of the Girard Police Department, responded to a report of a woman in a state of undress standing in the middle of Furnace Lane in the vicinity of a number of semi-trailers. When he arrived at the scene, Patrolman O'Brien found appellant in her car, which was parked in the middle of Furnace Lane, blocking traffic. Appellant's speech was slurred, she smelled of alcohol, and she had a difficult time answering questions. She refused an order to step out of her car, and had to be forcibly removed from the vehicle. She was arrested and taken to the police station, where she refused a Breathalyzer test.
 {¶ 3} The charges stemming from the July 9, 2000 incident were assigned two separate trial court case numbers, CRB 000676 and TRC 0004360. On October 25, 2000, appellant pleaded guilty to all of the charges in both cases, including the following: driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1); driving under suspension, a violation of R.C. 4511.192; and, resisting arrest, a violation of R.C. 2921.33. She also pleaded guilty to violating the following Girard City Ordinances: 333.04(a), impeding traffic; 337.27, not wearing a seatbelt; and 509.03, disorderly conduct.
 {¶ 4} Appellant requested treatment in lieu of conviction. The trial court took appellant's request under advisement for one year and diverted her to probation. Under the terms of her probation, appellant was to attend meetings of Alcoholics Anonymous.
 {¶ 5} At an October 24, 2001, probation hearing, appellant's probation officer ("Miss Bizub")[1], testified that appellant had violated the terms of her probation by failing to attend meetings of Alcoholics Anonymous and forging signatures on the documentation sheets that were intended to verify her attendance.
 {¶ 6} In its October 24, 2001 judgment entry, the trial court found that appellant had violated the terms and conditions of her probation by failing to provide her probation officer with truthful information. In addition to imposing fines, the trial court sentenced appellant to one hundred eighty days for driving under the influence, one hundred eighty days for driving under suspension, and ninety days for resisting arrest. All but thirty days of each of the three sentences were suspended.
 {¶ 7} Appellant has filed a timely appeal of the trial court's judgment entry and makes the following assignment of error:
 {¶ 8} "The trial court denied appellant due process under the Fourteenth Amendment due to the fact she was found in violation of her probation when said finding was not based upon sufficient evidence displaying substantial proof appellant violated the terms of her probation where the decision was inconsistent with the evidence and testimony presented at [her probation violation hearing]."
 {¶ 9} In her sole assignment of error, appellant raises issues concerning both the sufficiency and weight of the evidence. In the context of a probation revocation hearing, the state need simply provide "evidence of a substantial nature" to justify revocation. State v.Stockdale (Sept. 26, 1997), 11th Dist. No. 96-L-172, 1997 WL 663688, at 3. A preponderance of the evidence is sufficient to constitute evidence of a substantial nature. Id.
 {¶ 10} More generally, the test for sufficiency is whether, upon viewing the evidence in a light most favorable to the prosecution, there was substantial evidence from which the jury could reasonably conclude that all of the elements of the offense had been proven. State v. Schlee
(Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 5. A manifest weight determination does not consider whether the evidence was substantial, but rather examines the conflicts in the evidence to see if the trier of fact lost its way in weighing the evidence, and considering the credibility of witnesses. Id.
 {¶ 11} At her final hearing, the state introduced Exhibits A through F, which consisted of documentation sheets from Alcoholics Anonymous meetings provided by Miss Bizub. These exhibits consisted of three columns: the first column provided the date of the meeting that appellant should have attended; the second column indicated the location or nature of the meeting; and, the third column contained the signature of the secretary or sponsor of the meeting, with said signature serving as verification that the probationer attended the meeting.
 {¶ 12} If the exhibits are accepted at face value, it appears that appellant attended approximately sixty meetings. For the fifteen meetings that she attended between April 23, 2001, and May 20, 2001, at least ten different individuals provided signatures verifying that appellant attended the meetings.
 {¶ 13} Miss Bizub testified at the hearing to the following: the signature of Gladys Lewis on two of the exhibits were different; the signature of Tammy Champline appeared to have been misspelled on one of the exhibits; and, the signature of Jim Lewis on the documentation sheets submitted by appellant was not consistent with the way it appeared on a documentation sheet submitted by another probationer.
 {¶ 14} Evid.R. 901(A) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." By way of illustration, Evid.R. 901(B)(2) provides that "[n]onexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation * * *" conforms with the requirements of Evid.R. 901(A). In this case, Miss Bizub did not testify as a handwriting expert, nor did she have the first-hand knowledge of the signatures that would be required for a nonexpert to offer a valid opinion as to their genuineness. Dayton v. Santos (Jan. 12, 2001), 2d Dist. No. 18324, 2001 WL 28672, at 3.
 {¶ 15} However, the rules of evidence do not strictly apply in their entirety in the granting or revoking of probation. Evid.R. 101(C);State v. Nagle (June 16, 2000), 11th Dist. No. 99-L-089, 2000 WL 777835, at 3. The trier of fact may "consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation." Columbus v. Bickel (1991), 77 Ohio App.3d 26, 36.
 {¶ 16} Here, Miss Bizub provided reliable and relevant testimony as to the discrepancies in the signatures. The most egregious example was the signature of Tammy Champline, who verified appellant's attendance at meetings held on March 7, May 13, and July 14, 2001. Her name was signed as "T. Champainge" at the July 14, 2001 meeting. However, Miss Bizub did not indicate that she was personally acquainted with any of the individuals providing verification signatures, nor did she suggest that she had a roster of such individuals accompanied by specimen signatures.
 {¶ 17} The only other testimony at the hearing was provided by appellant and Jim Lewis ("Lewis"). Appellant testified that all of the signatures were genuine. Lewis testified, on appellant's behalf, that the copy of his signature that Miss Bizub claimed was forged was, in fact, his signature.
 {¶ 18} We conclude that Miss Bizub's testimony, in conjunction with the documentation sheets, provided sufficient credible evidence for the finder of fact to conclude that appellant had submitted forged signatures. Further, although Lewis refuted Miss Bizub's testimony with respect to the forgery of his signature, he could not and did not address the alleged forgeries of the signatures of Gladys Lewis and Tammy Champline. And, as the finder of fact, the trial court was in a position to view the signatures for itself in order to resolve the conflict in the evidence between the testimony of Miss Bizub and appellant. In view of the foregoing, we cannot conclude that the trial court clearly lost its way when it determined that the testimony of Miss Bizub had greater credibility than that of appellant on the issue of whether the signatures of Gladys Lewis and Tammy Champline were forged. Consequently, appellant's sole assignment of error is without merit.
 {¶ 19} For the foregoing reasons, the judgment of the Girard Municipal Court is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.
[1] Miss Bizub's full name is not contained in the record.