OPINION
{¶ 1} Defendant-appellant, Jeremy Wilson, appeals the decision of the Clinton County Court of Common Pleas, revoking his community control and imposing a prison sentence. We affirm the common pleas court's decision.
 {¶ 2} In January 2002, appellant pled guilty to and was convicted of burglary in violation of R.C. 2911.12(A)(4), a fourth-degree felony. The common pleas court subsequently sentenced appellant to a six-month jail term and three years of community control. The court suspended all but 15 days of the jail sentence. Following his 15 days in jail, the court required appellant to complete an individualized treatment program at the STAR Community Justice Center. The court further required appellant to pay a $500 financial sanction and to refrain from alcohol and drug use.
 {¶ 3} Appellant served 15 days in jail and successfully completed the STAR program. He was released from the STAR program on September 5, 2002. On September 10, 2002, appellant was arrested and charged with driving under the influence. The state subsequently filed a motion to revoke community control. The common pleas court found that appellant violated the terms of his community control, but did not revoke appellant's community control. Rather, the court ordered appellant to serve an additional 32 days in jail, and increased appellant's community control term to four years. The court also ordered appellant to report to his probation officer daily following his release from jail.
 {¶ 4} In February 2003, the state filed another motion to revoke appellant's community control. The state alleged that appellant had been discharged from a chemical dependency treatment program due to poor attendance, and had failed to report to his probation officer. This conduct, if proven, amounted to violations of appellant's community control terms.
 {¶ 5} After a hearing, the common pleas court granted the state's motion and revoked appellant's community control. The court ordered appellant to serve one year in prison with 190 days credit for time served. Appellant appealed, assigning one error as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING THAT JEREMY J. WILSON HAD VIOLATED THE TERMS OF COMMUNITY CONTROL."
 {¶ 7} A trial court's decision revoking community control may be reversed on appeal only upon demonstration that the court abused its discretion. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38; State v.Hughes, Warren App. No. CA2002-11-124, 2003-Ohio-3449, at ¶ 7. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St.3d 239, 253.
 {¶ 8} Appellant's rules of community control included the following:
 {¶ 9} "17. Must comply with the directives of the Clinton County Community Supervision Program.
 {¶ 10} "* * *
 {¶ 11} "19. I will report to the Adult Probation Department as instructed and comply with any written and/or verbal instructions given to me by the Adult Probation Personnel. * * * I will cooperate with probation officers at all times."
 {¶ 12} Appellant concedes in his brief that he violated the above rules by not attending several counseling sessions and failing to report to his probation officer. Nevertheless, appellant argues that the common pleas court should not have revoked his community control because of the circumstances surrounding the violations.
 {¶ 13} According to appellant, the reason for his non-attendance and his failure to report was that he did not have adequate transportation. Appellant testified at the hearing on the state's motion that his mother, who had been transporting him to the treatment sessions, could no longer take him because her employer moved her to a different shift. Appellant also stated that he could not afford a cab. Appellant admitted at the hearing that he initially claimed sickness as the reason for his absences, but that lack of transportation was the true reason. According to appellant, he claimed sickness at first because he thought he would have been immediately discharged if he claimed lack of transportation.
 {¶ 14} Elizabeth Hamil, appellant's chemical dependency counselor, testified at the hearing. According to Hamil, appellant told her that illness was the reason he missed his first counseling session. Appellant told her he would bring a doctor's note the next day, but did not attend the next day's session. Appellant attended a session during the following week, but did not bring a doctor's note, saying he left it in his uncle's truck and would retrieve it when his uncle picked him up that evening. However, appellant did not give Ms. Hamil a doctor's note that evening. When appellant arrived the next day for a session, Ms. Hamil told him that he could not participate unless he brought a doctor's note and a $25 reinstatement fee. Appellant said that he would bring both the next day, but did not. Appellant eventually sent a letter to Ms. Hamil, apologizing for being untruthful and stating that lack of transportation was the reason he had not attended the sessions. Appellant did not attend another session and was discharged from the program.
 {¶ 15} Michael Sutton, a supervisor at the Clinton County Adult Probation Department, also testified at the hearing. According to Sutton, appellant called him and told him that he did not have transportation to his counseling session that day and that he had already missed one session. Sutton informed appellant that it was imperative he find a way to attend the session. Sutton also testified that appellant did not report to him on February 11, 2003 as required. Appellant was arrested for violating his community control the next day. According to Sutton, appellant later told him that he did not report because he needed to go to work with his brother.
 {¶ 16} We find no abuse of discretion by the common pleas court. After appellant was convicted of burglary, the common pleas court sentenced him to community control rather than a prison term. Within a week of his release from the STAR program, appellant violated his community control terms. However, rather than imposing prison time, the court kept appellant on community control. Appellant then violated his community control terms again by failing to attend counseling sessions and failing to report to his parole officer. Thus, after twice being spared prison time by the court in favor of community control, appellant violated the terms of his community control. Further, appellant did not offer timely or consistent explanations for his failure to follow his community control terms. Under these circumstances, we find that the court did not abuse its discretion by revoking appellant's community control. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and HENDRICKSON, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.