OPINION *Page 2 
{¶ 1} Defendant-appellant Brian Morris appeals the May 9, 2007 Judgment Entry of the Licking County Court of Common Pleas revoking his community control sanction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 6, 2006, Appellant entered a plea of no contest to driving under suspension, speeding, not wearing a seatbelt and resisting arrest. The plea was entered pursuant to a negotiated plea agreement. The trial court accepted the plea, and sentenced Appellant to a term of community control.
 {¶ 3} On March 8, 2007, the State filed a motion to revoke Appellant's community control. At the revocation hearing, evidence established on March 1, 2007, a State Highway Patrol Trooper observed a crashed car on the side of the road. Appellant's wife owned the vehicle. The trooper testified he observed a can of beer in the vehicle. The trooper also observed Appellant stumbling, detected Appellant slurring his speech, and smelled a strong odor of alcohol. Appellant's pants were muddy, and his shirt was on inside out and backwards.
 {¶ 4} Via Judgment Entry of May 9, 2007, the trial court revoked Appellant's community control, sentencing him to three years of incarceration.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT THE DEFENDANT-APPELLANT HAD VIOLATED THE TERMS AND CONDITIONS OF HIS COMMUNITY CONTROL SUPERVISION. *Page 3 
 {¶ 7} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT A SEPARATE SENTENCING HEARING FOLLOWING THE REVOCATION OF COMMUNITY CONTROL HEREIN."
 {¶ 8} In the first assignment of error, Appellant argues the trial court erred in revoking his community control.
 {¶ 9} Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt. State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control sanctions. Id., citing Hylton at 782, 600 N.E.2d 821. Accordingly, we apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E .2d 578, to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the evidence. See State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45, 1998 WL 377768; State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712, 1996 WL 666660.
 {¶ 10} This highly deferential standard is akin to a preponderance of the evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M., 1994 WL 189659. Once a court finds that a defendant violated the terms of his community control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. Columbus v. Bickel (1991),77 Ohio App.3d 26, 38, 601 N.E.2d 61. An abuse of discretion connotes more than an error *Page 4 
in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St .3d 239, 253, 473 N.E.2d 768.
 {¶ 11} Appellant argues the State did not introduce evidence in the form of field sobriety tests or chemical tests, and the trooper's observance of an odor of alcohol is insufficient to find Appellant consumed alcohol. Appellant further maintains he contacted the office of the probation department describing the contact and the nature of the same on the evening of March 1, 2007, a weekend. Additionally, on the following Tuesday, Appellant met with his probation officer to discuss the situation.
 {¶ 12} Upon review, there was competent, credible evidence to support the trial court's finding Appellant violated the terms of his community control. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1. At the hearing in this matter, the trial court found:
 {¶ 13} "The Court: However, General Condition No. 1 indicates that, "You are to abide by all federal, state, and local laws, and you are to personally contact your probation officer on the next business day if you are arrested," excuse me, "cited or questioned by any law enforcement officer," and that alleged violation was that on March 1st, 2007, Brian Morris was questioned by Trooper Reimer in reference to an abandoned vehicle. Mr. Morris failed to contact the Adult Court Services Department the next business day to report contact with law enforcement.
 {¶ 14} "The Court finds that that has been violated, and, further, the nonresidential sanction, defendant not to consume nor have in his possession, *Page 5 
residence or automobile any alcoholic beverage or drug of abuse, No. 16, it's alleged that on March 1st, 2007, the Trooper Reimer reports Brian Morris smelled strongly of an alcoholic beverage, was observed stumbling around, was wearing a shirt inside out and backwards. Further, the testimony indicates that he was asleep, as has been testified during most of these proceedings, acted inappropriately as if under the influence. The Court notes that it would have been a lot better if the trooper had done some testing; however, under the circumstances, probably was not legally able to do that. The Court finds that the terms and conditions 1 and 16 have been violated."
 {¶ 15} Tr. at 96-98.
 {¶ 16} Based on the above, the first assignment of error is overruled.
 II. {¶ 17} In the second assignment of error, Appellant argues the trial court erred in not conducting a second hearing relative to sentencing, apart from the hearing on the revocation of Appellant's community control.
 {¶ 18} Specifically, Appellant cites the following exchange before the trial court:
 {¶ 19} "The Court: Mr. Siewert, statement on behalf of the defendant regarding the matter of disposition?
 {¶ 20} "Mr. Siewert: Your Honor, at this time — at this point regarding disposition, I do not have available employment records, things along those lines, for Mr. Morris, which makes it difficult for me to give a full —
 {¶ 21} "The Court: You do not have what?
 {¶ 22} "Mr. Siewert: Any type of employment records, things along those lines, to address what I believe in mitigation at this time. I would like the opportunity to more *Page 6 
fully flesh out mitigation in this particular matter. I was unaware that the Court intends to proceed to disposition and sentencing immediately following the hearing, but that's — if that's my bad, that's my bad.
 {¶ 23} "The Court: Well, I'm not going to continue the matter. I'm going to proceed."
 {¶ 24} Tr. at 98.
 {¶ 25} In State v. Krouskoupf 2006-Ohio-783, this Court held with regard to this issue:
 {¶ 26} "First, we note that appellant cites no law or precedent in support of his contention. Second, we find that appellant's argument is without merit. Admittedly, before imposing sentence at a sentencing hearing, the court shall afford counsel an opportunity to speak on behalf of the defendant and shall also address the defendant personally and ask him if he wishes to make a statement or presentation on his own behalf. See Crim. R. 32(A)(1) and R.C. 2947.05. However, in this case, the trial court was not conducting a sentencing hearing. The sentence that the appellant would receive if he violated community control sanctions had already been decided and announced by the trial court nearly two years earlier at the original sentencing hearing. The trial court was conducting a revocation hearing. There are no equivalent statutes or rules for such hearings.
 {¶ 27} "Accordingly, we find that the trial court did not commit error when it imposed the prison sentence without giving appellant an opportunity to speak."
 {¶ 28} Based upon the above, the trial court did not err in not conducting a separate hearing relative to sentencing, apart from the hearing on the revocation of *Page 7 
Appellant's community control. The trial court's sentence had already been decided and announced at the original sentencing hearing.
 {¶ 29} The second assignment of error is overruled
 {¶ 30} The May 9, 2007 Judgment Entry of the Licking County Court of Common
Pleas is affirmed.
 Hoffman, P.J., Gwin, J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 9, 2007 Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1