[Cite as *State v. Thomas-Baker*, 2011-Ohio-4891.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 9-11-03

    v.

MALINDA THOMAS-BAKER,             O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marion County Common Pleas Court
Trial Court No. 2009CR0208

**Judgment Affirmed**

Date of Decision:   September 26, 2011


APPEARANCES:

    *Kevin P. Collins*  for Appellant

    *Brent Yager and Denise M. Martin*  for Appellee

Case No. 9-11-03

**SHAW, J.**

{¶1} Defendant-appellant, Malinda Baker ("Baker"), appeals the October 29, 2010 judgment of the Common Pleas Court of Marion County, Ohio, revoking her judicial release and re-imposing her four year term of imprisonment.

{¶2} The record before this Court reveals that on April 30, 2009, Baker was indicted for one count of escape, a felony of the third degree. Although she initially entered a plea of not guilty to the sole count in the indictment, on June 19, 2009, she withdrew that plea and tendered a plea of guilty to the charge. On August 10, 2009, she was sentenced to four years in prison for this offense.

{¶3} After filing a number of motions for judicial release, Baker was granted judicial release on June 30, 2010. The judgment entry granting her judicial release included a number of conditions and was signed by the trial court, the assistant prosecuting attorney, Baker's supervising officer, Baker's defense attorney, and by Baker. (Judg. Ent., 6/30/10, Doc. # 27.) As a part of her conditions of judicial release, Baker was to "obey all laws" and "attend and successfully complete whatever type of counseling, treatment and/or programs the Adult Probation Department requires; this may include residential treatment." (id.)

{¶4} Upon her release from prison, Baker was placed in the West Central Community Based Correctional Facility ("CBCF") in Marysville, Ohio. On

August 10, 2010, she was granted a furlough to attend a dental appointment in Marion, Ohio. Baker and her driver were instructed to travel only to the dentist and to return immediately after her appointment with no stops or visits with anyone in between. Baker did not attend any dental appointment and failed to return to CBCF. As a result of her absconding, Baker was terminated from her program at CBCF. Two days later, her supervising officer filed a notice with the trial court that Baker violated the terms of her judicial release and a violation hearing was ordered.

{¶5} On August 18, 2010, Baker was apprehended by a Marion Police Department Lieutenant at the home of Rhonda McMurray, where she was hiding in the bathroom. During the intervening eight days between when she left CBCF and her apprehension, she failed to contact her supervising officer. After her apprehension, Baker tested positive for marijuana. Subsequently, a second notice of violation was filed, which included the allegation that Baker tested positive for an illegal drug.

{¶6} The trial court held a hearing on these violations on August 23, 2010. The State presented the testimony of the officer who arrested Baker at McMurray's home and of her supervising officer. Baker testified on her own behalf. At the conclusion of the hearing, the trial court found that Baker violated the terms of her judicial release and re-imposed her previous sentence of four

years in prison.[1]  This appeal followed, and Baker now asserts one assignment of error.

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY REVOKING HER JUDICIAL RELEASE.**

{¶7} A judicial release revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of judicial release "beyond a reasonable doubt." *State v. Ryan*, 3rd Dist. No. 14–06–55, 2007–Ohio–4743, at ¶ 7, citing *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821.  Instead, the state must show "substantial" proof that the offender violated the terms of his or her judicial release.  See *State v. Alexander*, 3rd Dist. No. 14–07–45, 2008–Ohio-1485, ¶ 8, citing *Ryan*, supra.  A trial court's decision finding a violation of judicial release will not be disturbed on appeal absent an abuse of discretion.  See *Alexander*, 2008–Ohio-1485, at ¶ 8, citing *Ryan*, supra.  An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.  When applying the abuse of

---

[1] Baker also had a second conviction in a separate case, Case No. 08-CR-503, and was sentenced to eleven months for this offense.  Her sentences in both cases were ordered to run consecutively to one another for an aggregate total of four years and eleven months.  However, the record is devoid of any information regarding which term was to run first (a copy of the sentencing entry in Case No. 08-CR-503 was attached to Baker's brief to this case and reveals that both sentencing entries contained identical language regarding the consecutive nature of the sentences and both had identical date and time stamps).  In addition, the transcript of the revocation hearing evidences that violations were filed in both cases, the court revoked her judicial release in both cases, and then re-imposed the aggregate sentence of four years and eleven months.  However, Baker only filed a notice of appeal in her "escape" case.  Thus, that case is the only one before this Court.

discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

**{¶8}** Furthermore, revocation hearings are not subject to the rules of evidence, thus allowing for the admission of hearsay evidence. See *State v. Patierno*, 3ʳᵈ Dist. No. 4–08–08, 2009–Ohio–410, ¶ 16; Evid.R. 101(C)(3). "The rationale for the exception is that, since a * * * revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the [defendant] has violated the conditions of his [supervision]." *Columbus v. Bickel* (1991), 77 Ohio App.3d 26, 36, 601 N.E.2d 61, citing *State v. Miller* (1975), 42 Ohio St.3d 102, 106, 326 N.E.2d 259.[2]

**{¶9}** Here, Baker's supervising officer testified to the facts previously discussed in this opinion. In addition, Baker testified. During her testimony, Baker admitted to signing the judgment entry listing her conditions of judicial release, including the ones at issue. She also admitted that she smoked marijuana on August 17, 2010, that she did not attend her dental appointment, that she was

---

[2]Although this was a hearing to determine whether Baker violated the conditions of her judicial release rather than of community control or probation, this Court has previously applied the same principles applicable to community control revocation hearings to judicial release revocation hearings. See *State v. Osborn*, 3ʳᵈ Dist. No. 9–05–35, 2006–Ohio–1890.

instructed that she was only permitted to attend her dental appointment and then immediately return to CBCF by 11:30 a.m., and that she never returned to CBCF.

{¶10} In explaining why she did not attend her dental appointment and failed to return to CBCF, Baker testified that her driver, a man by the name of Kenneth Baker ("Rev. Baker"), a pastor that she met during her time in prison and to whom she was not related, took her to her daughter's house in Marion rather than taking her to the dentist but that he did this of his own volition and without her permission. When she went into her daughter's home, she called the dentist and re-scheduled her appointment because she knew that she would not be able to make it there in time for her appointment.

{¶11} While at her daughter's home, they began discussing how her grandson was turning four years old the next day, so a number of people at the home, including Baker, drove to Wal-Mart in Rev. Baker's car to buy her grandson a present. They then drove back to her daughter's home, and she gave her grandson his present. After talking a few minutes, she and Rev. Baker left again and went to a gas station and to Wendy's restaurant. According to Baker, Rev. Baker was making sexual comments to her during this time and "said something about me and him going parking, to that effect[.]" (Revoc. Hrg., 8/23/10, p. 18.) While at Wendy's, Baker told him that she had to use the

restroom. Instead of going to the restroom, Baker left Wendy's and walked to her sister's home.

**{¶12}** During cross-examination, Baker admitted that she knew that she was not to go anywhere other than the dentist. She also admitted that she knew she was to return to CBCF that day but she decided not to return and that she never contacted anyone at the probation department or otherwise surrender to the authorities. Baker further admitted that she had not successfully completed the residential program at CBCF. In addition, the trial court asked her why she did not return to CBCF when she walked out of Wendy's. In response, Baker stated that she knew that she would be terminated from CBCF for being so late and that she would be returned to prison.

**{¶13}** Interestingly, Baker does not contend that the State failed to show that she violated the terms of her judicial release. Rather, she asserts that her violations occurred under difficult and unusual circumstances, namely the actions of Rev. Baker and her fear of being sent back to prison. Thus, she contends that the trial court abused its discretion in finding that she violated the terms of her judicial release and ordering her returned to prison rather than returned to treatment.

**{¶14}** Given the undisputed evidence before the trial court, we disagree with Baker. Clearly, Baker was aware of and violated the conditions of her

judicial release.  Even if she testified truthfully about Rev. Baker's actions, she had many opportunities upon reaching her daughter's home to contact CBCF and/or her supervising officer in order to handle the situation and return to CBCF. For whatever reason, she did not do so.  Further, she had no explanation, other than her addiction, for choosing to use marijuana, which, according to Baker, occurred several days after her encounter with Rev. Baker.  Lastly, the record before this Court reveals that Baker had numerous prior convictions and that the trial court was very familiar with Baker and her history.  Accordingly, we do not find that the trial court abused its discretion in finding that Baker violated the terms of judicial release, revoking her judicial release, and re-imposing her four-year sentence.

{¶15} For these reasons, the assignment of error is overruled, and the judgment of the Common Pleas Court of Marion County, Ohio, is affirmed.

*Judgment Affirmed*

**ROGERS, P.J., and PRESTON, J., concur.**

/jlr